Filed 5/12/16  P. v. Jackson CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES MAURICE JACKSON,<br><br>    Defendant and Appellant. | B264923<br><br>(Los Angeles County<br>Super. Ct. No. KA106993) |


        APPEAL from an order of the Superior Court of Los Angeles County, Salvatore T. Sirna, Judge.  Affirmed.

        Elizabeth K. Horowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant James Maurice Jackson pled guilty to felony forgery and admitted he suffered a prior conviction for a serious or violent felony. Jackson was sentenced to four years in state prison. After California voters passed Proposition 47, the Safe Neighborhoods and Schools Act, Jackson petitioned the trial court for resentencing to reduce his felony conviction to a misdemeanor. The court denied the petition, finding the property at issue was worth more than $950. We affirm.

## PROCEDURAL BACKGROUND

In August 2014, Jackson tried to cash a forged check at a bank and was arrested. He was charged with felony second-degree commercial burglary (Pen. Code, § 459;[1] count 1), felony forgery (§ 470, subd. (d); count 2), and misdemeanor theft of identifying information (§ 530.5, subd. (c)(1); count 3). It was also alleged that, in 2012, Jackson suffered a prior conviction for first-degree burglary (§ 459), a serious or violent felony under sections 667.5, subdivisions (b)-(j), and 1170.12, subdivision (b). In October 2014, Jackson pled guilty to count 2, felony forgery, and admitted the prior strike conviction. He was sentenced to four years in state prison.

On March 6, 2015, Jackson filed a petition to reduce his conviction for felony forgery to a misdemeanor. On his petition, Jackson checked the box indicating "[t]he amount in question is not more than $950.00."

On April 7, 2015, the court held a hearing on Jackson's petition. In opposing the petition, the prosecutor stated, "[the previous prosecutor] left notes, and I'm looking at the file. The check that the defendant tried to cash was over $1,200." The court responded, "All right. So that doesn't qualify under Prop 47. The defendant's petition is denied."

On January 25, 2016, after Jackson filed this appeal, we ordered the trial court to conduct a record settlement proceeding and prepare a report and augmented record

---

[1]     All undesignated statutory references are to the Penal Code.

identifying what documents, if any, it relied on in denying Jackson's petition.[2]  On January 27, 2016, pursuant to our order, the court conducted a record settlement proceeding.  In its report, the court stated that it reviewed the information filed against Jackson, Jackson's petition, and a copy of the forged check in the amount of $1,200 allegedly used by Jackson in committing the underlying forgery, which Jackson had attached to his petition.  The court included in the augmented record a copy of the $1,200 check, which was not included in the original clerk's transcript filed on appeal.  The court stated that it denied Jackson's petition because Jackson did not meet his burden of demonstrating that the value of the property at issue in his forgery conviction was less than $951.

## DISCUSSION

Jackson contends the trial court impermissibly relied on evidence outside the record of conviction in denying his Proposition 47 petition.  Specifically, Jackson argues the court erred in relying on the forged $1,200 check he attached to his petition and the prosecutor's representation that the value of the forged check exceeded $950.  Jackson also contends there is no evidence in the record of conviction to establish that the value of the forged check exceeded $950.

### 1.    Proposition 47

In November 2014, California voters enacted Proposition 47, reducing certain drug and theft offenses to misdemeanors unless committed by ineligible defendants.  (§ 1170.18, subds. (a)-(c); *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1109.)  "These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  The statute also contains a resentencing provision, whereby persons " 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by

---

[2]    We also requested the parties submit supplemental letter briefs discussing the significance, if any, of the contents of the trial court's report and augmented record.

3

Proposition 47." (*Id*. at p. 1092.) To be eligible for resentencing, the person must show he or she "would have been guilty of a misdemeanor . . . had this act been in effect at the time of the offense." (§ 1170.18, subd. (a).)

Here, Jackson was convicted of forgery under section 470, a crime eligible for resentencing under Proposition 47. (§ 1170.18, subds. (a) & (b); *People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1308.) As amended by Proposition 47, section 473 provides, "any person who is guilty of forgery relating to a check, . . . where the value of the check . . . does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year." (§ 473, subd. (b).)

"We review a '[superior] court's legal conclusions de novo and its findings of fact for substantial evidence.' [Citation.]" (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136 (*Perkins*).) Review of Proposition 47 cases involves issues of statutory interpretation, which we review de novo. (See *People v. Sherow* (2015) 239 Cal.App.4th 875, 878 (*Sherow*) ["our review of this appeal is based solely on our interpretation of the statute, which we review de novo"]; see also *People v. Rizo* (2000) 22 Cal.4th 681, 685 ["In interpreting a voter initiative like [Proposition 47], [the courts] apply the same principles that govern statutory construction"]; *Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916 ["the trial court's legal interpretation of [a statute] is subject to de novo review"].)

### 2. The trial court properly denied Jackson's Proposition 47 petition

As a preliminary matter, we note that the party petitioning for resentencing under Proposition 47 bears the burden of establishing eligibility for relief. (See *Perkins*, *supra*, 244 Cal.App.4th at p. 136; *Sherow*, *supra*, 239 Cal.App.4th at pp. 878-879; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450.) "[A] successful petition . . . must set out a case for eligibility, stating and in some cases showing the offense of conviction has been reclassified as a misdemeanor and, where the offense of conviction is a theft crime reclassified based on the value of stolen property, showing the value of the property did not exceed $950." (*Perkins, supra,* 244 Cal.App.4th at pp. 136-137.) This burden requires the petitioner to "attach information or evidence

4

necessary to enable the court to determine eligibility." (See *Sherow*, *supra*, 239 CalApp.4th at p. 880; see also *Perkins, supra,* 244 Cal.App.4th at p. 141 [the petitioner "should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing, for each conviction, that the stolen [property] did not exceed $950 in value"].)

In demonstrating eligibility for resentencing under Proposition 47, the petitioner is not limited to evidence contained in the record of conviction. Indeed, it is often necessary to review extra-record evidence to determine eligibility for resentencing under Proposition 47 because such a determination turns on the factual question of the value of the property at issue in the qualifying offense. (*Perkins*, *supra*, 244 Cal.App.4th at p. 140, fn. 5.) That value likely was not important at the time of the original conviction, since it was not an element of the offense. (*Ibid.*) As a result, the record in most cases involving a qualifying theft offense is unlikely to contain evidence sufficient to determine the value of the property at issue. (*Ibid.*) Thus, when filing a petition for resentencing under Proposition 47, a petitioner may submit extra-record evidence to establish the value of the property in the qualifying theft offense. (*Ibid*; see also *Sherow*, *supra*, 239 Cal.App.4th at p. 880 ["[a] proper petition could certainly contain at least [defendant's] testimony about the nature of the items taken"].)

Here, although Jackson alleged in his petition that the value of the forged check was less than $951, the evidence he attached to his petition contradicted that allegation. As noted, Jackson attached to his petition a copy of the forged check that led to his underlying conviction for felony forgery. The check was written for $1,200, which exceeds the $950 threshold for resentencing eligibility under Proposition 47. In its supplemental report, the court clarified that it relied on that check in determining that Jackson's forgery conviction was not eligible for resentencing.

Jackson contends the court should not have relied on the check attached to his petition because it was not part of the record of conviction. However, as noted, a court may look to evidence outside the record of conviction when determining eligibility for resentencing under Proposition 47. (See *Perkins*, *supra*, 244 Cal.App.4th at p. 140,

5

fn. 5.)  In addition, by attaching the check to his petition, Jackson admitted that his forgery conviction involved property exceeding $950.  (See *Minish v. Hanuman Fellowship* (2013) 214 Cal.App.4th 437, 456 [a judicial admission may be made in a pleading and is conclusive as to the truth of the matter admitted].)  Because the check established that Jackson's forgery conviction involved property worth more than $950, the court properly found that the conviction was not eligible for resentencing under Proposition 47.

## DISPOSITION

The trial court's order denying Jackson's petition is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                                            LAVIN, J.

WE CONCUR:




        EDMON, P. J.




        ALDRICH, J.

6